UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALPHONZO LEON WRIGHT,

        Petitioner,

                                CASE NO. 2:07-CV-10469
v.                              JUDGE PAUL D. BORMAN
                                MAGISTRATE JUDGE PAUL J. KOMIVES

KURT JONES,

        Respondent.
        _____/

**REPORT AND RECOMMENDATION**

I.    RECOMMENDATION: The Court should deny petitioner's application for the writ of habeas corpus.

II.    REPORT:

A.    *Procedural History*

    1.    Petitioner Alphonzo Leon Wright is a state prisoner, currently confined at the Carson City Correctional Facility in Carson City, Michigan.

    2.    On November 19, 2003, petitioner was convicted of one count of possession with intent to deliver between 50 and 450 grams of cocaine, MICH. COMP. LAWS § 333.7401(2)(a)(iii); and one count of maintaining a drug vehicle, MICH. COMP. LAWS § 333.7405(1)(d), following a jury trial in the Genesee County Circuit Court. Petitioner was subsequently sentenced as a third habitual offender, MICH. COMP. LAWS § 769.11, to a term of 217 months' to 40 years' imprisonment on the possession with intent to deliver conviction, and to a concurrent term of 415 days' imprisonment on the maintaining a drug vehicle conviction.

    3.    Petitioner appealed as of right to the Michigan Court of Appeals raising, through

counsel, the following claims:

> I. DID THE TRIAL COURT ABUSE ITS DISCRETION BY DENYING DEFENDANT'S MOTION FOR MISTRIAL AFTER A POLICE OFFICER TESTIFIED (CLEARLY IN REFERENCE TO DEFENDANT) THAT POLICE WERE PURSUING A HOMICIDE SUSPECT?
>
> II. ON THE CHARGE OF MAINTAINING A DRUG VEHICLE, WAS INSUFFICIENT EVIDENCE OF GUILT PRESENTED TO SUPPORT A CONVICTION?

The court of appeals found no merit to petitioner's claim regarding the improper evidence, and affirmed his conviction and sentence on the possession with intent to deliver conviction. However, the court agreed that the evidence was insufficient with respect to the maintaining a drug vehicle conviction, and vacated that conviction. *See People v. Wright*, No. 256475, 2005 WL 3179643 (Mich. Ct. App. Nov. 29, 2005) (per curiam).

    4.     Petitioner, proceeding *pro se*, sought leave to appeal the evidentiary issue to the Michigan Supreme Court. The Supreme Court denied petitioner's application for leave to appeal in a standard order. *See People v. Wright*, 475 Mich. 908, 717 N.W.2d 334 (2006). However, the Supreme Court granted the prosecutor's application for leave to appeal, which challenged the court of appeals's ruling regarding the maintaining a drug vehicle conviction. *See People v. Wright*, 475 Mich. 906, 717 N.W.2d 331 (2006). In *People v. Thompson*, 477 Mich. 146, 730 N.W.2d (2007), the Supreme Court clarified the law regarding the maintaining a drug vehicle statute and the standard for sufficiency of the evidence challenges. On the same date, the court remanded petitioner's case to the court of appeals for consideration of petitioner's sufficiency of the evidence claim in light of its decision in *Thompson*. *See People v. Wright*, 477 Mich. 1121, 730 N.W.2d 720 (2007).

    5.     On remand, the court of appeals again found that the evidence was insufficient to sustain petitioner's maintaining a drug vehicle conviction. *See People v. Wright*, No. 256475, 2007

WL 2609465 (Mich. Ct. App. Sept. 11, 2007) (per curiam).

      6.      Petitioner, proceeding *pro se*, filed the instant application for a writ of habeas corpus on January 30, 2007. As grounds for the writ of habeas corpus, he raises the evidentiary claim that he raised in the state courts.

      7.      Respondent filed his answer on July 30, 2007. He contends that petitioner's claim is without merit.

B.    *Factual Background Underlying Petitioner's Conviction*

The evidence adduced at trial and the circumstances regarding the testimony upon which petitioner bases his sole habeas claim were accurately summarized by the Michigan Court of Appeals:

> On May 22, 2003, Officer Rogelio Villarreal testified that he surveilled 130 Odette St. in order to execute a warrant.FN4 Officer Villarreal was looking for a gray Cadillac. After approximately 40 minutes, Officer Villarreal saw a gray Cadillac drive up to 130 Odette St. Wright exited the car and walked up to the house. Wright then returned to the car and drove away from the house. Officer Villarreal notified the other officers about the Cadillac's departure. Officer Randy Tolbert followed Officer Villarreal's directions and met up with the Cadillac approximately three blocks away. Officer Tolbert followed the Cadillac in his unmarked car while it made numerous turns throughout Flint. At one point, the Cadillac began to drive at an accelerated rate. The Cadillac continued driving at an accelerated rate through a housing complex and down a few more streets until it reached an intersection that Officer Lee Kahan was blocking. The Cadillac swerved around Officer Kahan's marked police car and continued speeding down several more streets, nearly hitting another vehicle. When the Cadillac finally stopped, Wright exited the vehicle and started running.
>
> > FN4. During argument on defendant's motion in limine, both the defense and prosecution referenced the fact that the defendant was originally wanted for a homicide investigation, and the warrant police were executing was an arrest warrant issued for defendant because of his suspected involvement with a homicide. However, Villarreal did not specify what type of warrant the police were executing while testifying.

Officer Tolbert chased Wright on foot. He chased Wright onto a front porch, where Wright reached into the front of his pants, grabbed a clear bag containing 125 grams of cocaine, and threw the bag onto the porch. When Officer Tolbert realized that Wright was not reaching for a weapon, he took Wright into custody. Officer Tolbert collected the bag of cocaine from the porch. He also found and collected a digital scale on the ground in front of the Cadillac and a cellular phone plugged into the cigarette lighter outlet.

In his statement taken by agents from the Bureau of Alcohol, Tobacco, and Firearms (ATF), Wright explained that he ran from the police because he "was dirty." According to ATF Special Agent Todd Bowden, the term "dirty" is a common street term for an individual who is in possession of or caught with an item that they are not supposed to have, such as cocaine. Wright admitted that the cocaine was his.

Sergeant Mark Blough was qualified as an expert in the area of sale and distribution of cocaine in the vicinity of Flint. He testified that, based on the quantity of cocaine Wright possessed, the scale, the fact that Wright had over $100 in cash on him, and the lack of personal use paraphernalia, Wright possessed the cocaine with the intent to deliver it.

Wright filed a motion in limine with the trial court to exclude a three-hour video recorded interview, primarily regarding Wright's participation in a homicide. The interview took place after Wright was arrested for the instant charge but focused primarily on his involvement in a homicide. The trial court precluded the use of the videotape with respect to any matters other than this case. Defense counsel and the trial court endorsed the prosecution's offer to have Special Agent Bowden testify to Wright's admission to possession of cocaine in lieu of playing the video tape.

To explain how he became involved in the incident, Officer Kahan stated, "I heard one of the 800 cars puttin' [sic] out a chase or they were following a vehicle that had a potential homicide suspect in it." Out of the presence of the jury, defense counsel argued that Officer Kahan's reference to Wright as a homicide suspect was unduly prejudicial and violated the court's ruling on his motion in limine. Defense counsel then asked the trial court to declare a mistrial. The trial court ruled:

> [C]learly, any reference to an alleged homicide or the [Wright] being a suspect is not relevant. However, the context of all the other testimony in this case, one reference to a homicide suspect with ... nothing more, no further evidence, no further mentioning by either a witness or the prosecutor, seems to be-to weigh against granting a motion for a mistrial. I don't find it to be unduly prejudicial, but I am offering to give a curative instruction.

Defense counsel then renewed her motion for a mistrial, which the trial court denied. The trial court gave the following curative instruction to the jury: "[Y]ou are instructed to disregard any reference to an alleged homicide that you may have heard. It is totally irrelevant to any issues in this trial."

The jury convicted Wright for possession with the intent to deliver between 50 and 450 grams of cocaine and maintaining a drug vehicle.

4

*Wright*, 2005 WL 3179643, at *1-*2, slip op. at 1-3.

C.     *Standard of Review*

Because petitioner's application was filed after April 24, 1996, his petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Amongst other amendments, the AEDPA amended the substantive standards for granting habeas relief by providing:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also*, *Bell v. Cone*, 535 U.S. 685, 694 (2002). "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams*, 529 U.S. at 405-06); *see also*, *Early v. Packer*, 537 U.S. 3, 8 (2002); *Bell*, 535 U.S. at 694. "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme]

5

Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also*, *Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also*, *Williams*, 529 U.S. at 409.

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with "clearly established federal law as determined by the Supreme Court." Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412. Further, the "phrase 'refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court decision.' In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529 U.S. at 412).

Although "clearly established Federal law as determined by the Supreme Court" is the benchmark for habeas review of a state court decision, the standard set forth in § 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early*, 537 U.S. at 8; *see also*, *Mitchell*, 540 U.S. at 16. Further, although the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's

6

resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Phoenix v. Matesanz*, 233 F.3d 77, 83 n.3 (1st Cir. 2000); *Dickens v. Jones*, 203 F. Supp.2d 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

D.   *Analysis*

Petitioner raises a single claim in his habeas application: that he was denied a fair trial by a police witness's statement that petitioner was a suspect in a homicide and that the trial court therefore erred in failing to grant a mistrial. The Court should conclude that petitioner is not entitled to habeas relief on this claim.

    1.   *Clearly Established Law*

It is well established that habeas corpus is not available to remedy a state court's error in the application of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Jackson v. Ylst*, 921 F.2d 882, 885 (9th Cir. 1990) (a federal court on habeas review "ha[s] no authority to review a state's application of its own laws."). Thus, unless a violation of a state's evidentiary rule results in the denial of fundamental fairness, an issue concerning the admissibility of evidence does not rise to the level of a constitutional magnitude. *See Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988); *Davis v. Jabe*, 824 F.2d 483, 487 (6th Cir. 1987). "[A] federal habeas court has nothing whatsoever to do with reviewing a state court ruling on the admissibility of evidence under state law. State evidentiary law simply has no effect on [a court's] review of the constitutionality of a trial, unless it is asserted that the state law itself violates the Constitution." *Pemberton v. Collins*, 991 F.2d 1218, 1223 (5th Cir. 1993). As the Sixth Circuit has noted, "[e]rrors by a state court in the admission of evidence are not cognizable

7

in habeas proceedings unless they so perniciously affect the prosecution of a criminal case as to deny the defendant the fundamental right to a fair trial." *Kelly v. Withrow*, 25 F.3d 363, 370 (6th Cir. 1994).

In short, "[o]nly when the evidentiary ruling impinges on a specific constitutional protection or is so prejudicial that it amounts to a denial of due process may a federal court grant a habeas corpus remedy." *Barrett v. Acevedo*, 169 F.3d 1155, 1163 (8th Cir. 1999); *see also*, *Coleman v. Mitchell*, 244 F.3d 533, 542 (6th Cir. 2001). Where a specific constitutional right–such as the right to confront witnesses or to present a defense–is not implicated, federal habeas relief is available only if the allegedly erroneously admitted evidence "is almost totally unreliable and . . . the factfinder and the adversary system will not be competent to uncover, recognize, and take due account of its shortcomings." *Barefoot v. Estelle*, 463 U.S. 880, 899 (1983).

Because a federal habeas court has no supervisory powers over a state trial court, this Court's review of petitioner's claim based on the trial court's failure to grant a mistrial on the basis of the unsolicited testimony is governed by the same general standards applicable to evidentiary claims, that is, whether the testimony deprived petitioner of a fair trial. *See Wilson v. Senkowski*, No. 02 Civ. 0231, 2003 WL 21031975, at *13 (S.D.N.Y. May 7, 2002); *cf. Taylor v. McKee*, No. 07-CV-10666, 2009 WL 1514371, at *10-*11 (E.D. Mich. May 29, 2009) (Cleland, J.).

    2.   *Analysis*

The Michigan Court of Appeals concluded that the trial court did not err in failing to grant a mistrial because Officer Kahan's statement was brief and not solicited by the prosecutor, and because the comment did not deprive petitioner of a fair trial in light of the trial court's curative instruction and the evidence against petitioner. The court of appeals reasoned:

> In response to a properly phrased question, Officer Kahan briefly indicated that Wright was a homicide suspect. Nothing suggests that the prosecutor knew in advance that Officer Kahan would give the unresponsive testimony or that he encouraged the statement. Its admission did not impair Wright's ability to receive a fair trial. The trial court gave the jury a curative instruction and sufficient evidence was presented through the police officers' testimony to support Wright's conviction of possession with intent to deliver cocaine. Thus, the court properly denied Wright's motion for a mistrial.

*Wright*, 2005 WL 3179643, at *2, slip op. at 3. The Court should conclude that this determination was reasonable.

Here, it is clear that Officer Kahan's statement was not solicited by the prosecutor. Developing the background leading to Officer Kahan's involvement in the chase, the prosecutor asked, "And as you had left your location and were going to make a school visit what, if anything, unusual occurred." Trial Tr., Vol. I, at 163-64. It was to this question that Officer Kahan responded, "I heard one of the 800 cars puttin' out a chase or they were following a vehicle that had a potential murder suspect in it." *Id*. at 164. No other witness mentioned that petitioner was a suspect in a homicide, nor did the prosecutor further mention the matter. The trial court denied petitioner's request for a mistrial, but gave the following instruction to the jury: "Members of the jury, you are instructed to disregard any reference to an alleged homicide that you may have heard." *Id*., Vol. II, at 254. In light of the brief, unsolicited nature of Officer Kahan's statement, the jury instruction given by the trial court, and the other evidence against him, petitioner cannot show that this statement denied him a fair trial.

Even in cases on direct appeal, where a federal appeals court exercises supervisory power, it is well established that "the admission of an unresponsive, prejudicial statement is ordinarily cured by striking the testimony and instructing the jury to disregard the remark." *United States v. Moore*, 911 F.2d 140, 143 (8th Cir. 1990); *see also*, *United States v. Escalante*, 637 F.2d 1197, 1203 (9th

9

Cir. 1980) (a cautionary instruction "is the preferred alternative to declaring mistrial when a witness makes inappropriate or prejudicial remarks; mistrial is appropriate only where there has been so much prejudice that an instruction is unlikely to cure it."). As the Supreme Court has repeatedly admonished, a reviewing court must presume that a jury follows the instructions given by the trial court. *See Richardson v. Marsh*, 481 U.S. 200, 206 (1987); *see also*, *Shannon v. United States*, 512 U.S. 573, 585 (1994); *United States v. Olano*, 507 U.S. 725, 740 (1993); *Francis v. Franklin*, 471 U.S. 307, 324 n.9 (1985). Further, the prosecution presented significant evidence that petitioner possessed cocaine with intent to distribute. Specifically, Officer Randy Tolbert testified that petitioner has removed a plastic bag containing cocaine from his pocket and that a drug scale was found next to petitioner's car, *see* Trial Tr., Vol. I, at 108-13, and Agent Todd Bowden of the Bureau of Alcohol, Tobacco, and Firearms testified, without contradiction on this point, that petitioner admitted to possessing the cocaine, *see id.* at 156-57.

In light of the brief, unsolicited nature of Officer Kahan's remark, the curative instruction given by the trial court which this Court presumes the jury was able to follow, and the significant evidence against petitioner, Officer Kahan's remark did not deprive petitioner of a fair trial. *See Nichols v. Sullivan*, 867 F.2d 1250, 1253-54 (10th Cir. 1989); *Taylor*, 2009 WL 1514371, at *11; *Pawlowski v. Kelly*, 932 F. Supp. 475, 489 (W.D.N.Y. 1995). Thus, the Michigan Court of Appeals's rejection of petitioner's claim was neither contrary to, nor an unreasonable application of, clearly established federal law, and the Court should accordingly conclude that petitioner is not entitled to habeas relief.

E.     *Conclusion*

In view of the foregoing, the Court should conclude that the state courts' resolution of

petitioner's claims did not result in a decision which was contrary to, or which involved an unreasonable application of, clearly established federal law. Accordingly, the Court should deny petitioner's application for the writ of habeas corpus.

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                       s/Paul J. Komives
                                       PAUL J. KOMIVES
                                       UNITED STATES MAGISTRATE JUDGE

Dated: 9/28/09

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on September 28, 2009.
>
> s/Eddrey Butts
> Case Manager