UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALPHONZO LEON WRIGHT,

       Petitioner,

                               CASE NO. 2:07-CV-10469
v.                              JUDGE PAUL D. BORMAN
                               MAGISTRATE JUDGE PAUL J. KOMIVES

DARRELL STEWART,

       Respondent.[1]
       _____/

**REPORT AND RECOMMENDATION**

I.    RECOMMENDATION: The Court should deny petitioner's request for a certificate of appealability. If the Court accepts this recommendation, the Court should deny as moot petitioner's motion for leave to appeal *in forma pauperis*.

II.    REPORT:

A.    *Procedural Background*

Petitioner Alphonzo Leon Wright is a state prisoner currently confined at Mound Correctional Facility in Detroit, Michigan. On January 30, 2007, petitioner filed an application for the writ of habeas corpus, challenging his convictions for possession with intent to deliver cocaine and maintaining a drug vehicle. In support of his application, petitioner raised a single ground for relief: that he was denied a fair trial by a police witness's statement that petitioner was a suspect in a homicide and that the trial court erred in failing to grant a mistrial. On September 28, 2009, I

---

[1]By Order entered this date, Darrell Stewart has been substituted in place of Kurt Jones as the proper respondent in this action.

filed a Report recommending that the Court deny the petition. Specifically, I recommended that the Court conclude that petitioner's claim is without merit. On December 15, 2009, the Court entered an order accepting my recommendation. On January 9, 2010, petitioner filed a notice of appeal and a motion for leave to appeal *in forma pauperis*. Pursuant to 28 U.S.C. § 2253(c), petitioner may appeal only if he is first granted a certificate of appealability. For the reasons that follow, the Court should deny the certificate. If the Court accepts this recommendation, the Court should deny petitioner's motion for leave to appeal *in forma pauperis* as moot.

B.   *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*,

2

463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84. Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable." *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. § 2253(c)(3)).

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. The rule tracks § 2253(c)(3)'s requirement that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not issue." FED. R. APP. P. 22(b)(1) (version effective prior to 2009 amendment); *see id.*, advisory committee note, 2009 amendments.

C.  *Analysis*

The Court should conclude that its resolution of petitioner's claim is not reasonably debatable, and thus that petitioner is not entitled to a certificate of appealability. At trial, in response to a generic question from the prosecutor regarding anything unusual that occurred as he was patrolling, Officer Kahan responded that he heard a call that other officers were following a vehicle that had a potential murder suspect in it. *See* Trial Tr., Vol. I, at 163-64. The trial court denied petitioner's motion for a mistrial, but instructed the jury "to disregard any reference to an alleged homicide that you may have heard." Trial Tr., Vol. II, at 254. As explained in my prior Report, "it is well established that 'the admission of an unresponsive, prejudicial statement is ordinarily cured

3

by striking the testimony and instructing the jury to disregard the remark.'" R&R, at 9 (quoting *United States v. Moore*, 911 F.2d 140, 143 (8th Cir. 1990); citing *United States v. Escalante*, 637 F.2d 1197, 1203 (9th Cir. 1980)). It is equally well established that "a reviewing court must presume that a jury follows the instructions given by the trial court." *Id*. at 10 (citing *Shannon v. United States*, 512 U.S. 573, 585 (1994); *United States v. Olana*, 507 U.S. 725, 740 (1993); *Richardson v. Marsh*, 481 U.S. 200, 216 (1987); *Francis v. Franklin*, 471 U.S. 307, 324 n.9 (1985)). In addition to these well established principles of law, there was significant evidence of petitioner's guilt. Specifically, a plastic bag containing cocaine was removed from petitioner's pocket and petitioner admitted to an ATF agent that he possessed the cocaine. In light of this evidence and the well established case law discussed above, the Court's conclusion that petitioner was not denied a fair trial by Officer Kahan's brief statement is not reasonably debatable. Accordingly, the Court should deny petitioner a certificate of appealability, and should deny as moot petitioner's motion for leave to appeal *in forma pauperis*.

III.  NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local*

*231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 4/19/10

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and Alphonzo Wright at Mound Correctional Facility by electronic means or U.S. Mail on April 19, 2010.

s/Eddrey Butts